United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JONES,

    Plaintiff,

  v.

MARRIOTT HOTEL SERVICES, INC.,

    Defendant.

                           /

No. C 12-00587 WHA

**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this action for reemployment under the Uniformed Services Employment and Reemployment Rights Act, plaintiff moves for partial summary judgment on the issue of liability, and defendant cross-moves for summary judgment. For the reasons explained below, the cross-motions are **DENIED**.

## STATEMENT

Plaintiff Christopher Jones began working for Marriott Hotel Services, Inc. in 2001. In 2006, plaintiff was promoted to the position of banquet chef and assigned to work at the San Francisco Marriott Marquis Hotel. Plaintiff, a Marine Corps reservist, was mobilized for active military duty from October 2008 through November 2009. Plaintiff was honorably discharged in November 2009 and requested to return to work. During his absence, however, defendant had eliminated positions and laid off employees at the San Francisco location for (allegedly) economic reasons. Plaintiff's banquet chef position was among the positions eliminated.

1   Defendant officially terminated plaintiff in January 2010.  Plaintiff applied for a position at a
2 different Marriott hotel but did not get the job.  After unsuccessfully applying for jobs at other
3 companies, plaintiff returned to military service and is currently serving in Afghanistan.

In February 2012, plaintiff filed suit in this district seeking compensation under USERRA for Marriott's alleged failure to reemploy him.  Plaintiff now moves for partial summary judgment on the issue of liability.  Defendant cross-moves for summary judgment.

## ANALYSIS

Summary judgment is proper when the pleadings and the evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FRCP 56(c).  An issue is genuine only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and material only if the fact may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

USERRA creates an entitlement to prompt reemployment following an absence from work due to military service.  Subject to certain notice requirements, Section 4312(a) provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment."  Where an individual (such as the plaintiff in this action) is absent due to military service for more than 90 days, under Section 4313(a)(2) the individual's right to reemployment is limited to (emphasis added):

> (A) . . . the position of employment *in which the person would have been employed* if the continuous employment of such person with the employer had not been interrupted by such service, *or a position of like seniority, status and pay*, the duties of which the person is qualified to perform; or
>
> (B) . . . *the position of employment in which the person was employed* on the date of the commencement of the service in the uniformed services, *or a position of like seniority, status and pay*, the duties of which the person is qualified to perform, *only if the person is not qualified to perform the duties of a position referred to in subparagraph (A)* after reasonable efforts by the employer to qualify the person.

Subsection (A) is known as the "escalator position" and refers to the position the individual would have obtained had he or she not left for service. For example, if the individual would have been promoted during his or her absence, the reemployment right would extend to the advanced position, or a position of like seniority, status and pay. Subsection (B) refers to the situation where the absent individual lacks the qualifications necessary for the escalator position. In that case, the reemployment right extends to the position the individual left when he or she began military duty, or a position of like seniority, status and pay.

Although these provisions appear straightforward, when an absent service-member's position is eliminated due to a layoff, the parties' interpretations diverge. According to plaintiff, the escalator position under subsection A is plaintiff's old job of banquet chef. If that is not feasible — due to a layoff or otherwise — defendant must make reasonable efforts to qualify plaintiff to move one step up the ladder to the role of sous chef. And, if that is not feasible, plaintiff is entitled to reemployment in any other position that approximated the banquet chef position pursuant to subsection B.

Defendant's position differs dramatically: because plaintiff would have been laid off had he remained, the escalator position is that of a terminated employee. This order concludes that a genuine issue of material fact precludes summary judgment on this issue.

In reemployment situations involving layoffs (20 C.F.R. 1002.42 (emphasis added)):

> If the employee is laid off before or during service in the uniformed services, and the employer would not have recalled him or her during that period of service, the employee is not entitled to reemployment following the period of service simply because he or she is a covered employee. *Reemployment rights under USERRA cannot put the employee in a better position than if he or she had remained* in the civilian employment position.

This means that application of the escalator provision in Section 4313 can have adverse consequences:

> Depending on the circumstances, the escalator principle may cause an employee to be reemployed in a higher or lower position, laid off, or even terminated. For example, if an employee's seniority or job classification would have resulted in the employee being laid off during the period of service, and the layoff continued after the date of reemployment, reemployment would reinstate the employee to layoff status.

3

20 C.F.R. 1002.194.

Plaintiff contends that subsection (A) does not turn on whether an employee is "qualified" (Dkt. No. 50 at 6–7). According to plaintiff, the reemployment right means simply an escalator position or its equivalent. These statements are correct, as far as they go.

USERRA, however, requires that the returning service member be treated equally with employees who did not leave for military duty. The evidence submitted by defendant shows that the Marriott Marquis *allegedly* eliminated numerous positions — including plaintiff's — in response to economic conditions. Assuming that defendant's explanation is true, had plaintiff remained he would have been laid off and not recalled to work, and reemployment would reinstate plaintiff to layoff status.

Although plaintiff moves for partial summary judgment on the issue of liability, plaintiff also argues that summary judgment against him is precluded by genuine issues of material fact regarding whether economic conditions necessitated the elimination of plaintiff's position.

In this regard, plaintiff cites several facts that he contends cast doubt on Marriott's alleged economic motive for laying off plaintiff. These facts include the "redeployment" of plaintiff's job responsibilities to similarly situated employees, Marriott's use of outdated financial information in making hiring and recall decisions, the promotion of another employee to the sous chef position one step above plaintiff, and the fact that Marriott hired banquet chefs at other hotel locations. Viewing the record in the light most favorable to the plaintiff, this order finds that the facts cited by plaintiff create a genuine issue of material fact as to whether Marriott genuinely laid off plaintiff for economic reasons unrelated to his absence for military service. There is likewise a genuine issue of material fact as to whether Marriott decided not to recall plaintiff for economic reasons unrelated to his absence for military service. Accordingly, the cross-motions for summary judgement on the issue of liability must be **DENIED**. A jury will have to decide these issues.

In turn, it is not necessary to reach plaintiff's arguments regarding defendant's affirmative defenses of impossibility and changed circumstances. Because of the genuine disputes regarding plaintiff's reemployment status as that of a laid-off employee, summary

4

judgment on plaintiff's dependent third (seniority benefits), fourth (right to make retirement plan contributions), and fifth (liquidated damages) claims for relief is also **DENIED**.

## CONCLUSION

The parties' cross-motions for summary judgment are **DENIED**.

**IT IS SO ORDERED.**

Dated:   January 31, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE