United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JONES,

    Plaintiff,

  v.

MARRIOTT HOTEL SERVICES, INC.,

    Defendant.

No. C 12-00587 WHA

**ORDER GRANTING IN PART LEAVE TO AMEND AND RE-FILE COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this employment action, plaintiff sues defendant for alleged violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Plaintiff files a motion for leave to amend his original complaint to add two more defendants. To the extent below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Christopher Jones, a Marine Corps veteran, is a resident of California (Compl. ¶¶ 1, 10). Plaintiff originally named Marriott International, Inc. ("International"), a corporation licensed to conduct business in California, as defendant (*id.* at ¶ 2). Plaintiff began working for International in January 2001 (*id.* at ¶ 13). In December 2008, plaintiff received military orders to active duty and notified International accordingly (*id.* at ¶ 15). That period of service ended in October 2009, and plaintiff then notified International of his intent to return to work a month later (*id.* at ¶¶ 17–18). Even after plaintiff repeatedly informed International of his alleged status

and rights under USERRA, International refused to reemploy him or reinstate his benefits (*id.* at ¶¶ 19–22). In January 2010, International allegedly made a "final decision" to deny plaintiff reemployment and asked him to waive his legal rights under USERRA (*id.* at ¶ 23). In February 2012, plaintiff filed his original complaint alleging several different violations of USERRA (*id.* at ¶¶ 25–37).

In March 2012, counsel for International and Marriott Hotel Services, Inc. ("Hotel Services") submitted a stipulation that the original complaint's caption be modified "to correctly reflect Marriott Hotel Services, Inc. [not International], as the proper [d]efendant[]" (Dkt No. 9). The stipulation was granted (Dkt. No. 12 at 2–3) and Hotel Services is now the sole defendant in this action.

In May 2012, the undersigned judge issued a case management order: "Leave to add any new parties or pleading amendments must be sought by **JULY 31, 2012** (Dkt. No. 29 at ¶ 2) (emphasis in original). On July 29, 2012, plaintiff (without seeking leave) filed an amended complaint naming International, Hotel Services, and J.W. Marriott, Jr. as defendants. Hotel Services is a corporation licensed to conduct business in California and J.W. Marriott Jr. is the chairman and CEO of International (Dkt. No. 32 at ¶ 2–4). About half a year after filing the amended complaint without leave of court, plaintiff now moves for leave to file an amended complaint.

**ANALYSIS**

Plaintiff asserts his right to amend pursuant to FRCP 15(a)(2), arguing that no prejudice will result from granting him leave to include International and J.W. Marriott, Jr. as defendants. Defendant argues that leave should be denied because plaintiff's first amended complaint was filed without defendant's consent or leave of court and should be considered a legal nullity; plaintiff cannot establish good cause for modifying this court's case management order; and granting leave to amend would significantly prejudice Hotel Services, International, and J.W. Marriott, Jr.

2

1. **LEGAL STANDARD.**

Aside from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave" though "[t]he court should freely give leave when justice so requires." FRCP 15(a)(2). But once a case management order sets a deadline for amendments and that deadline passes, FRCP 16's standard supplants that of FRCP(15)(a); to allow an untimely amendment, the case management order must be modified, requiring leave of court at its discretion and a showing of "good cause" by the moving party. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (citing FRCP 16). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 1294 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted)).

2. **GOOD CAUSE.**

Defendant convincingly argues that plaintiff fails to show good cause justifying a modification to the case management order. *First*, plaintiff's counsel waited at least five months after improperly filing the first amended complaint to file this motion even after defendant's counsel informed him of his error. *Second*, months before the case management order's deadline, plaintiff already knew or should have known of at least five of the six facts used to justify International's inclusion as defendant (Dkt. No. 55 at 3–4). *Third*, plaintiff's counsel tries to pass off an inapposite District of Northern Mariana Islands decision as binding Ninth Circuit authority. Nevertheless, *Aldan v. World Corp.*'s ruling that counsel's good faith belief in imminent settlement qualifies as sufficient good cause can be distinguished here. An essential part of the ruling in *Aldan v. World Corp.* was that *both* parties expected early settlement. 267 F.R.D. 346, 358 (D.N. Mar. 1, 2010). Here, plaintiff's counsel offers a declaration stating that he thought the case would be resolved early (Dkt. No. 60, Second Jarrard Decl. at ¶ 3), but offers no convincing evidence that opposing counsel shared his view. Furthermore, notification of the parties' failure to settle was filed in October 5, 2012 (Dkt. No. 34), yet plaintiff's counsel waited another three months to file this motion.

3

1  Despite plaintiff's counsel's missteps, this Court will exercise its discretion to allow
2  plaintiff to file an amended complaint for the reasons and to the extent stated below.

### 3. DEFENDANT FAILED TO FILE A TIMELY OBJECTION.

Plaintiff violated the case management order by not seeking leave to file his first amended complaint. Plaintiff's counsel was also derelict for failing to serve either International or J.W. Marriott, Jr. The record shows that neither of the newly proposed defendants waived service, rendering plaintiff's premature complaint a dead document within the court's files. Therefore, that first amended complaint filed on July 29, 2012, is unauthorized and will be struck. The undersigned judge is disappointed in plaintiff's counsel for failing to properly attend to these details.

Neither is defendant's counsel free from blame. Defendant's counsel admits to knowing that plaintiff's first amended complaint was improperly filed, yet she failed to raise a timely objection. Electronic communications between counsel regarding civil procedure do not qualify as legal objections. Defendant's counsel's failure to timely object could arguably be considered a waiver, and plaintiff could arguably have so interpreted and relied accordingly.

This order will not allow J.W. Marriott, Jr. to be added as a defendant. Plaintiff offers no legitimate or plausible justification for doing so. J.W. Marriott, Jr. is not plaintiff's employer. The harassment potential of J.W. Marriott Jr.'s inclusion is too high while his connection to this action is too tenuous. This is beyond the pale, and this action is too far along to be adding the top executive of companies as defendants.

This order will allow the inclusion of International, however, because plaintiff has sufficiently shown that International could plausibly be plaintiff's employer. Again, plaintiff's new amended complaint may only add International, and not J.W. Marriott, Jr., as an additional defendant.

The amended complaint will not unduly prejudice International. *First*, it cannot reasonably claim lack of notice because it was the originally-named defendant with the same counsel as Hotel Services, and defendant's counsel apparently filed its opposition to this motion on behalf of Hotel Services, International, and J.W. Marriott, Jr. *Second*, if and when

4

1 International is properly served, it may request adjustments to the case management order.
2 And *third*, this order will allow International to file its own motion for summary judgment by
3 **JUNE 13, 2013.** Plaintiff's counsel must serve International within fourteen calendar days of
4 filing the new amended complaint, while being mindful that defendant's counsel does not have
5 to accept service on International's behalf.

## CONCLUSION

To the extent above, plaintiff's motion for leave to amend his complaint is **GRANTED IN PART AND DENIED IN PART.** Plaintiff may only amend and re-file a complaint adding International, but not J.W. Marriott, Jr., as a defendant. The answer will be due twenty days after service of the summon and complaint. The hearing on February 21, 2013, is **VACATED.**

**IT IS SO ORDERED.**

Dated: February 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE